Steven G. Storch, Esq.
Avery Samet, Esq.
STORCH AMINI PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
Tel: (212) 490-4100
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
KOSSOFF & KOSSOFF LLP and            :
IRWIN KOSSOFF
                                      :
              Plaintiffs,             :        _____ Civ. _____
                                      :
      v.                                       **COMPLAINT**
                                      :
CONTINENTAL CASUALTY COMPANY,         :        JURY TRIAL DEMANDED

              Defendant.              :
---------------------------------------------------------------x

     Plaintiffs Kossoff & Kossoff LLP and Irwin Kossoff (collectively "Plaintiffs"), by and through their undersigned counsel, as and for their complaint against Defendant Continental Casualty Company ("Defendant") allege as follows:

### NATURE OF ACTION

     1.     Plaintiffs are the insureds under an accountant's professional liability insurance policy issued by Defendant (the "Policy"). Plaintiffs bring this breach of contract action seeking damages and a declaratory judgment that the Defendant must provide defense costs so that Plaintiffs can defend themselves in an accounting malpractice action filed against them in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). There, Plaintiffs have been sued for accounting malpractice by the Chapter 11 bankruptcy trustee

of a former client (the "Trustee Action").  Because the Trustee Action is interrelated (within the meaning of the Policy) to a claim made against Plaintiffs during the Policy Period, the Court should order Defendant to reimburse Plaintiffs for costs associated with their defense thus far, compel the Defendant to assume the defense of the Trustee Action, and declare that the Defendant must assume the defense of the Trustee Action.

2. Plaintiff Kossoff is an 80-year old retiree and the firm Kossoff & Kossoff LLP has ceased operations.  Defendant's refusal to provide coverage for the defense of the Trustee Action is requiring Mr. Kossoff to expend legal fees which he otherwise needs for his retirement.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Defendant pursuant to 28 U.S.C §1332 as all Plaintiffs are completely diverse in citizenship from the Defendant and the amount in controversy is greater than $75,000.

4. This Court has personal jurisdiction over the Defendant.  The Defendant is licensed to sell insurance products in New York and regularly does so. The Plaintiffs purchased the policy to cover their New York accounting practice.  The Trustee Action, for which the Defendants deny any obligation to defend under the Policy, is pending in the Bankruptcy Court.

5. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff Kossoff & Kossoff LLP is a New York limited liability partnership.  Until it ceased operations in December 2017, Kossoff & Kossoff LLP had an office at 3 Hatfield Lane, Suite 3B, Goshen, New York 10924.

7.   Plaintiff Irwin Kossoff resides in Boynton Beach, Florida.

8.   Defendant Continental Casualty Company is a corporation incorporated under the laws of Illinois and headquartered in Chicago, Illinois.

## FACTUAL ALLEGATIONS

### A. Continental Issues the Policy

9.   On March 19, 2015, Defendant issued the Policy to Kossoff & Kossoff LLP.

10.   Both Plaintiffs are insureds under the Policy.

11.   The Policy affords insurance protection, subject to the exclusions and exceptions located therein, for various liabilities which may arise during the course of performing accounting work.

12.   The Policy has a limit of liability of $2,000,000 per claim and aggregate.

13.   The Policy period was from April 1, 2015 through April 1, 2016, with an endorsement for an additional 60 days through June 1, 2016 (the "Policy Period").

14.   The Policy covers claims made during the Policy Period, as well as subsequently made claims which are "interrelated" to claims first made and reported during the Policy Period. *See* Policy, Section III.D (Limits of Liability, Multiple insureds, claims and claimants).

### B. Continental Provides Coverage for the California Action

15.   On February 10, 2016, during the Policy Period, Kossoff & Kossoff LLP was sued in California Superior Court for its provision of accounting services to Tri-State Employment Services, Inc. ("Tri-State"). The complaint alleged that Kossoff & Kossoff LLP, through Irwin Kossoff, actively conspired with Tri-State's management to misappropriate payroll tax funds. *See FLS Employment Services, Inc. v. Guzman*, No. 8:16-CV-00715-CJC-SS (Cal. Super. Ct., Orange County) (the "California Action"), attached hereto as **Exhibit A**.

16. On March 7, 2016, Defendant acknowledged coverage and undertook the defense of the Insureds. The action was ultimately dismissed without prejudice.

C. **Continental Denies Coverage for the Trustee Action**

17. On October 9, 2018, the chapter 11 trustee for TS Employment, Inc. commenced an action against Irwin Kossoff and Kossoff & Kossoff LLP in the United States Bankruptcy Court for the Southern District of New York seeking $100,000,000 in damages. *See Feltman v. Kossoff & Kossoff LLP*, Case No. 18-01649-mg. The October 9, 2018 complaint ("Trustee Complaint") is attached hereto as **Exhibit B**. The Trustee alleges that TS Employment, Inc. had "no real existence as a business separate from Tri-State and was completely dominated and controlled by Tri-State." Trustee Action ¶27.

18. On November 12, 2018, Plaintiffs demanded that Defendant provide coverage under the Policy for the defense of the Trustee Action as an interrelated claim to the California Action.

19. On December 12, 2018, Defendant refused on the grounds that the two actions are not interrelated.

20. Despite request, Defendant has refused to reconsider its denial.

21. On March 7, 2019, the Bankruptcy Court dismissed the Trustee Action, but granted leave to replead. On March 28, 2019, the plaintiff to the Trustee Action filed an amended complaint (the "Amended Trustee Complaint"), attached hereto as **Exhibit C**.

22. The Insureds have incurred and continue to incur legal fees defending the Trustee Action which is currently proceeding either to dismissal or trial.

D. **The Two Actions Are Interrelated**

23. The Policy broadly defines interrelated claims as:

> **Interrelated claims** are all **claims** arising out of a single act or omission or arising out of **interrelated acts or omissions** in the rendering of **professional services**.
>
> **Interrelated acts or omissions** mean all acts or omissions in the rendering of **professional services** that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice, or decision.

Policy, Section I, Definitions.

24. Under this definition, the Trustee Action is interrelated to the California Action:

    a. Both Actions allege that Mr. Kossoff and Kossoff & Kossoff LLP provided accounting services to Tri-State, either directly or through TS Employment (California Action ¶¶1, 4, 6, 18, 34; Trustee Complaint ¶¶ 1, 5, 8, 15, 36-37, 51, 53; Amended Trustee Complaint ¶¶ 1, 6, 8, 15, 36, 42, 54, 56).

    b. Both Actions allege that Tri-State wrongfully diverted funds which were earmarked for the payment of payroll taxes for Tri-State's clients. (California Action ¶15; Trustee Complaint ¶¶4, 35, 47; Amended Trustee Complaint ¶¶4, 5, 35, 50).

    c. Both Actions allege that Mr. Kossoff and Kossoff & Kossoff knew of this diversion of payroll tax funds because they acted as the accountants for Tri-State and oversaw Tri-State's financial records. (California Action ¶ 1, 17; Trustee Complaint ¶¶ 5-8, 36-40, 53, 81, 83; Amended Trustee Complaint ¶¶4, 6-9, 36-42, 56, 84, 88).

    d.  Both Actions allege that Mr. Kossoff and Kossoff & Kossoff failed to disclose the misappropriation of client payroll tax funds. (California Action ¶1, 17, 18; Trustee Complaint ¶¶ 6-7, 40, 50-53, 84-86, Amended Trustee Complaint ¶¶7-8, 37, 53-56, 87-89).

    e.  Both Actions allege that Mr. Kossoff and Kossoff & Kossoff actively conspired with Tri-State's scheme. (California Action ¶¶1, 17; Trustee Complaint ¶¶ 6-7, 40, 50-53, 83-85; Amended Trustee Complaint ¶¶7-8, 37, 53-56, 86-88).

    f.  Both Actions assert negligence claims against Mr. Kossoff and Kossoff & Kossoff in connection with services performed on behalf of its client. (California Action ¶¶33-36; Trustee Complaint ¶¶73-93; Amended Trustee Complaint ¶¶76-96).

25.    Therefore, the Trustee Action and the California Action are "logically or casually connected by any common fact, circumstance, situation, transaction, event, advice, or decision." Policy Section I, Definition of Interrelated Acts or Omissions.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

26.    Kossoff & Kossoff LLP and Irwin Kossoff restate and incorporate each of the foregoing paragraphs as if the same were more fully set forth herein.

27.    The Trustee Action is an Interrelated Claim with respect to the California Action under the Policy.

28.    As a result, Plaintiffs are entitled to a declaratory judgment that (a) the California Action and the Trustee action are interrelated claims under the Policy; (b) Defendants must

undertake the defense of the Trustee Action; and (c) Defendants must reimburse the Plaintiffs for legal costs and expenses associated with defending the Trustee Action.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of Contract)**

29. Kossoff & Kossoff LLP and Irwin Kossoff restate and incorporate each of the foregoing paragraphs as if the same were more fully set forth herein.

30. Plaintiffs and Defendant had a valid and enforceable contract in the form of the Policy.

31. Plaintiffs performed their obligations under the Policy.

32. Defendant has refused to undertake the defense of the Trustee Action.

33. Plaintiffs have been damaged by being forced to incur legal fees and costs defending the Trustee Action.

34. As a result, Defendant has breached its contract with Plaintiffs and Plaintiffs are entitled to damages in the amount of attorneys' fees it has incurred defending the Trustee Action and an award compelling Defendant to assume the defense of Plaintiffs in the Trustee Action.

WHEREFORE, the Plaintiffs, Kossoff & Kossoff, Inc. and Irwin Kossoff, respectfully pray for judgment against Defendant Continental Casualty Company as follows:

A. On the first cause of action declaring that,

  i. The Trustee Action and California Action are interrelated claims under the Policy;

  ii. That Defendant must assume the defense of the Trustee Action as a result of the interrelation; and

  iii. That Defendant must reimburse the Plaintiffs for costs and expenses associated with the legal defense of the Trustee Action; and

B. On the second cause of action,

      i. Awarding damages in an amount necessary to reimburse Plaintiffs for their defense of the Trustee Action; and

      ii. Compelling Defendant to assume the defense of the Trustee Action; and

C. Awarding Plaintiffs prejudgment interest, and all costs and expenses, including legal fees, if available by law, together with such other and further relief as is just and proper.

Dated: New York, New York
      May 21, 2019

**STORCH AMINI PC**

By: ___/s/ *Steven G. Storch*___
      Steven G. Storch
      Avery Samet
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
Tel.: (212) 490-4100
Fax: (212) 490-4208
*sstorch@storchamini.com*
*asamet@storchamini.com*
*Attorneys for Plaintiffs*